## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

| | |
|---|---|
| WADE MARTIN ROME<br>KATHLEEN MALONEY ROME | Case No. 6:15-bk-02498-KSJ<br>Chapter 7 |

Debtors.
_____/

| | |
|---|---|
| CARLA P. MUSSELMAN, Chapter 7 trustee for the estate of WADE MARTIN ROME and KATHLEEN MALONEY ROME, | Adv. Proc. No.: 6:15-ap-00130-KSJ<br>*Lead Adversary* |

Plaintiff,

v.

WADE MARTIN ROME and KATHLEEN MALONEY ROME,

Defendants.
_____/

| | |
|---|---|
| JOHN BELTRAMO, as trustee of the JOHN W. BELTRAMO REVOCABLE TRUST DATED FEBRUARY 27, 1992, | Adv. Proc. No.: 6:15-ap-00131-KSJ |

Plaintiff,

v.

WADE MARTIN ROME and KATHLEEN MALONEY ROME,

Defendants.
_____/

| | |
|---|---|
| ROBERT THOMAS, individually and as assignee, beneficiary or successor to ROBERT THOMAS III, TRUSTEE OF THE ROBERT THOMAS REVOCABLE TRUST DATED  APRIL 6, 1989, FREDERICK LAUFER, individually and as assignee, beneficiary, or successor to FREDERICK | Adv. Proc. No.:6:15-ap-00132-KSJ |

LAUFER, M.D. and LAURA WALSH AS
TENANTS BY THE ENTIRETIES, and BRIAN
KAUFMAN, individually and as assignee,
beneficiary or successor to RICHARD F.
KAUFMAN and NORMA V. KAUFMAN,
TRUSTEES OF KAUFMAN REVOCABLE
LIVING TRUST DATED JANUARY 30, 1996,

Plaintiffs,

v.

WADE MARTIN ROME,

Defendant.
_____/

**APEX CREDITORS' UNOPPOSED MOTION TO EXTEND DEADLINES**

Robert Thomas, individually and as assignee, beneficiary or successor to Robert Thomas III, Trustee of the Robert Thomas Revocable Trust Dated April 6, 1989, Frederick Laufer, individually and as assignee, beneficiary, or successor to Frederick Laufer, M.D. and Laura Walsh as Tenants by the Entireties, and Brian Kaufman, individually and as assignee, beneficiary or successor to Richard F. Kaufman and Norma V. Kaufman, Trustees of Kaufman Revocable Living Trust Dated January 30, 1996 (collectively, the "Apex Creditors"), by and through their undersigned counsel, hereby file their "Apex Creditors' Unopposed Motion to Extend Deadlines" (this "Motion"), and in support thereof state as follows:

1.      On March 23, 2015 (the "Petition Date"), Wade Martin Rome and Kathleen Maloney Rome (together, the "Debtors") initiated a voluntary bankruptcy case (the "Bankruptcy Case") by filing a petition under chapter 7 of the Bankruptcy Code (the "Bankruptcy Code").

2.      On September 18, 2016, the Apex Creditors initiated an adversary proceeding (this "Proceeding") against Wade Rome (the "Defendant") by filing an adversary complaint (the

2

"Complaint").

3. Pursuant to the "Case Management Order and Order Consolidating Adversary Proceedings" (the "Case Management Order") [Doc. No. 17], the deadline by which all plaintiffs in the three (3) adversary proceedings as captioned above (the "Discharge Adversaries") are required to complete discovery is July 1, 2016 (the "Discovery Deadline"). Pursuant to the Case Management Order, the Discovery Deadline may only be extended for cause.

4. By agreement of the parties and order of the Court, discovery has been consolidated such that discovery taken in any of the Discharge Adversaries by any party may be used in all of the Discharge Adversaries.

5. The Case Management Order also established July 1, 2016, as the deadline by which the parties are to serve and file the final witness list and expert reports, if any (the "Additional Deadlines").

6. Finally, the Case Management Order established July 14, 2016, as the deadline to file dispositive motions (the "Summary Judgment Deadline").

7. The Apex Creditors believe that cause exists to extend the Discovery Deadline, the Additional Deadlines, and the Summary Judgment Deadline based upon the following:

    a. The Chapter 7 Trustee of the pending bankruptcy case filed by The Tulving Company, filed in the United States Bankruptcy Court, Central District of California, Santa Ana Division, Case No. 8:14-bk-11492-ES, a designated witness in the Discharge Adversaries, resigned as trustee effective in April, 2016, and upon information and belief is engaged in missionary work in Zimbabwe. The replacement Chapter 7 Trustee has been getting up to speed and administering the bankruptcy estate of The Tulving Company and has

    been unable to coordinate or confirm a deposition prior to the Discovery Deadline; and

  b. Radisphere, Inc., a designated witness in the Discharge Adversaries, has recently been acquired and it has been necessary to coordinate discovery through the acquiring company as well as with Radisphere and this coordination has delayed discovery relating to this entity beyond the Discovery Deadline; and

  c. B&H Auto Sales, LLC, and two of its principals, Flamuri Brandon and Hannah Christine Zeciri, relocated from their known address and efforts to obtain an alternate service address were successful only in the first week of June, 2016; and

  d. Upon the confirmation of a good service address for B&H Auto Sales, LLC, and Flamuri Brandon and Hannah Zeciri, the undersigned subpoenad and conducted depositions in Missouri of those witnesses as well as five (5) other witnesses (the "Missouri Depositions"). All parties to the Discharge Adversaries participated in the Missouri Depositions through counsel, however, several of the Missouri Depositions were not concluded and were left open to provide for additional documents and/or testimony, or to allow the resolution of disputes raised during the depositions; and

  e. Additional witnesses were identified during the Missouri Deposition and there is inadequate time prior to the Discovery Deadline to notice and conduct depositions or serve third party discovery of or on those witnesses.

8. As of the filing of this Motion, the Court has not scheduled a trial of the matters at

issue in the Discharge Adversaries such that no prejudice inures to any party if the relief requested is granted by the Court.

9. For the foregoing reasons, the Apex Creditors are seeking an extension of the Discovery Deadline, the Additional Deadlines, and the Summary Judgment Deadline for sixty (60) days after the date of notice of the service of an order on this Motion (the "Extended Deadline"), without prejudice to make further request if the circumstances warrant it.

10. The undersigned counsel has conferred with counsel for the Debtors as to the relief requested in this Motion and has been represented that the Motion is not opposed and the Debtors will not interpose an objection to the granting of the Motion.

WHEREFORE, the Apex Creditors respectfully request that this Court enter an order granting this Motion, extending the Discovery Deadline, the Additional Deadlines, and the Summary Judgment Deadline to the Extended Deadline, without prejudice to a request for further relief as circumstances require, and providing for such further relief as deemed just and appropriate.

Dated this 30th day of June, 2015.

   /s/ Cheryl Thompson
**CHERYL THOMPSON, ESQUIRE**
Florida Bar Number:  0970931
cthompson@thompsonlawpractice.com
Thompson Law Practice, P.A.
301 W. Platt Street, Suite 656
Tampa, Florida 33606
Telephone:  (813) 226-8580
Facsimile:  (813) 226-8580
Attorney for the Apex Creditors

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by electronic means and/or U.S. first class mail on the 30th day of June, 2015, to:

Jeffrey Ainsworth, Esquire
BransonLaw, PLLC
1501 E. Concord Street
Orlando, Florida 32803

Bradley M. Saxton, Esquire
Winderweedle Haines Ward & Woodman, P.A.
P.O. Box 1391
Orlando, Florida 32802

Gale Bobenhausen, Esquire
Law Office of Gale M. Bobenhausen, P.A.
28051 U.S. Highway 19, Suite 107
Clearwater, Florida 33761-2647

    /s/ Cheryl Thompson
    **ATTORNEY**